IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HEE SUN KIM, *et al.*, | * |
| Plaintiffs, | * |
| v. | *      Civil Action No. 8:23-cv-00991-PX |
| | * |
| UNITED STATES OF AMERICA, *et al.*, | * |
| Defendants. | * |

***

## MEMORANDUM OPINION

Pending before the Court is Defendant United States of America's (the "United States") motion to dismiss Plaintiff Hyo Gill Lee's claims for lack for subject matter jurisdiction. ECF No. 21.  The motion is fully briefed, and no hearing is necessary.  Loc. R. 105.6.  For the following reasons, the motion is GRANTED.

**I.  Background**

Parents Hee Sun Kim and Hyo Gil Lee bring this medical malpractice case on behalf of their daughter, G.L., and themselves for injuries that G.L. sustained during surgery following her birth.  *See* ECF No. 1.  Before G.L. was born, doctors identified a likely congenital malformation of her trachea and esophagus.  *Id.* ¶ 17.  Almost immediately after G.L. was born, Dr. Mikael Petrosyan, a surgeon from Children's National Medical Center ("CNMC"), operated on G.L. to correct the defects.  *Id.* ¶ 18.  The surgery took place at Walter Reed National Military Medical Center ("WRMC"), a United States military hospital operated in part by the Department of the Navy (the "Navy").  *Id.*  WRMC staff assisted Dr. Petrosyan.  *Id.*

The Complaint alleges a variety of ways in which Dr. Petrosyan and others were medically negligent during the surgery, the details of which are not relevant to the United States'

motion to dismiss Lee's claims.  *See* ECF No. 1.  Suffice to say that after the surgery, G.L. suffered an array of post-operative complications and was left to languish at WRMC until her parents moved her to Boston Children's Hospital.  *See id.* ¶¶ 18–39.  There, doctors determined that Dr. Petrosyan failed to correct G.L.'s congenital defects, having performed a surgery that "did not end up doing much."  *Id.* ¶ 40.  G.L. had to undergo several surgeries at Boston Children's.  *Id.*

Because Plaintiffs sue WRMC, they must proceed against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.  See also* 28 U.S.C. § 1346.  Relevant here, the FTCA requires that the parties first exhaust administrative remedies by presenting the claim to the "appropriate Federal agency."  28 U.S.C. § 2675(a).  To present the claim for administrative review, each plaintiff must not only summarize the nature of the suit and facts in support; each must also state the "sum certain" that he or she claims as damages.  28 C.F.R. § 14.2(a); *see* 28 U.S.C. § 2675(b) (An "[a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency.").  Once the plaintiff has submitted the claim, he must wait either for the claim to be "finally denied by the agency" or for the agency to fail "to make final disposition of [the] claim within six months after it is filed."  28 U.S.C. § 2675(a); *see also Estate of Van Emburgh by and through Van Emburgh v. United States,* 95 F.4th 795, 801 (4th Cir. 2024).  After such time, the plaintiff may file suit in federal court.

In this matter, each Plaintiff submitted a claim that included a completed Standard Form 95 ("SF-95") which incorporated two addenda, A and B, and a compact disc ("CD") containing G.L.'s medical records from WRMC and three other non-party hospitals.  *See* ECF Nos. 21-2 & 26-3 at 1.  Where the SF-95 calls for a statement as to the "basis of the claim," each Plaintiff

responded simply: "Addendum A." *Id.* at 2, 4, 6.  Addendum A, in turn, summarized the course of surgery that Dr. Petrosyan performed and the subsequent course of care at WRMC.  *Id.* at 8.

Another SF-95 section asks the claimant to recite the "the nature and extent of injury or cause of death, which forms the basis of the claim."  ECF Nos. 21-2 & 26-3 at 2, 4, 6.  In each SF-95, the Plaintiffs responded: "Addendum B."  *Id.*  Addendum B described that, because of Defendants' negligence, G.L.'s health deteriorated, which necessitated transfer to an outside hospital and several additional surgeries.  *Id.* at 9.  Addendum B also noted that the "parents" have "in the past incurred medical expensed [sic] which total in excess of one million dollars ($1,000,000) and will in the future incur significant medical bills."  *Id.*  Addendum B concluded with: "all told, plaintiffs seek damages, including conscious pain and suffering, and past and future and related health care expenses in the amount of Twenty Million Dollars ($20,000,000.00)."  *Id.*

As for the SF-95 section entitled "amount of claim (in dollars)," this section asks for the claimant to state the amount of damages for three separate categories:  property damage, personal injury, and wrongful death.  ECF Nos. 21-2 & 26-3 at 2, 4, 6.  The form also includes a "total damages" section to be completed.  *Id.*  For the "total damages," the SF-95 warns the claimant that "failure to specify may cause forfeiture of your rights."  *Id.*  Last, the SF-95 includes a certification that "the amount of claim covers only damages and injuries caused by the incident above and [I] agree to accept said amount in full satisfaction and final settlement of this claim."  *Id.*

The SF-95s for Kim and G.L. specified that for "personal injury" damages, each sought $20,000,000.00.  ECF Nos. 21-2 & 26-3 at 2, 4.  Each also repeated the same amount in the

3

space provided for "total damages." *Id.* By contrast, Lee's SF-95 had "0.00" typed in both the "personal injury" and "total damages" boxes. *Id.* at 6.

After Plaintiffs submitted the claims, the Navy never responded. ECF No. 1 ¶ 13; *see* ECF No. 26-4. Accordingly, Plaintiffs filed suit on April 12, 2023. ECF No. 1. On September 19, 2023, the United States moved to dismiss Lee's claims against it for lack of jurisdiction because he failed to identify a "sum certain" of damages, a necessary precondition to suit. ECF No. 21; *see* 28 C.F.R. § 14.2(a).[1] For the following reasons, the Court agrees with the United States and must dismiss Lee's claims against it.

## II.     Standard of Review

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the Court's limited subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *see United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). Whether the Court retains subject matter jurisdiction must be decided before reaching the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Thus, viewing the facts most favorably to the plaintiff, *Lovern*, 190 F.3d at 654, dismissal is warranted where the complaint fails to state the jurisdictional basis of the claim. *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).

---

[1] The United States also argues that Plaintiffs are not entitled to a jury trial as to those claims governed by the FTCA. ECF No. 21-1 at 12–13. The United States is correct. *See* 28 U.S.C. § 2402. However, Plaintiffs do retain the right to trial by jury as to Defendants not affiliated with the United States. *See* ECF No. 1 ¶¶ 41–46, 54–62; U.S. Const. amend. VII. Accordingly, the Court will address how the claims will be tried when the case is ready to be tried.

4

The Court "may consider evidence outside the pleadings" to determine whether it has jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In that circumstance, the Court may grant a motion to dismiss on 12(b)(1) grounds "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647.

### III.  Analysis

The United States contends that this Court lacks jurisdiction because Lee's claim to the Navy did not specify a "sum certain" for damages as required under the FTCA. ECF No. 21-1 at 7–9; *see* 28 U.S.C. § 2675; 28 C.F.R. § 14.2(a). The FTCA constitutes a waiver of the federal government's sovereign immunity. 28 U.S.C. § 1346(b)(1). In exchange for such waiver, the FTCA requires that the claimant first present its claim to the relevant federal agency. *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). A claim is presented "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification . . . *accompanied by a claim for money damages in a sum certain*." 28 C.F.R. § 14.2(a) (emphasis added).

"Precisely because the FTCA constitutes a waiver of sovereign immunity, plaintiffs . . . must file an FTCA action in careful compliance with its terms." *Kokotis*, 223 F.3d at 278 (citing *College v. United States*, 411 F. Supp. 738 (D. Md. 1976), *aff'd*, 572 F.2d 453 (4th Cir. 1978)). A sum certain "is one of substantial importance," *Ahmed v. United States*, 30 F.3d 514, 517 (4th Cir. 1994), because it assists the agency in deciding whether it will settle the claim. *Kokotis*, 223 F.3d at 279. Without it, the FTCA's purpose of "efficiently handling claims" is frustrated because "the FTCA links both the authority to settle a claim and the source of settlement funds to

the amount of the underlying claim." *Id.* For example, claims for less than $2,500 are paid from "appropriations available to that agency." 28 U.S.C. § 2672; *see also Kokotis,* 223 F.3d at 279. And claims under $25,000 may be settled within the agency rather than seeking prior written approval from the Attorney General should the claim exceed $25,000. 28 U.S.C. § 2672. Accordingly, the administrative claim must give the agency an "exact valuation" so that it can decide whether and how to settle it. *Est. of Van Emburgh*, 95 F.4th at 804; *Kokotis*, 223 F.3d at 279. Failure to supply a "sum certain" constitutes a failure to exhaust administrative remedies, and thus, deprives the Court of jurisdiction over the claim. *See Kokotis*, 223 F.3d at 278.

Considering Lee's SF-95 and its attachments, the Court concludes that Lee failed to state a "sum certain" for damages. *See* ECF Nos. 21-2 & 26-3 at 6, 8–9. The SF-95 itself plainly states that Lee claims "0.00" in total damages. *See id.* at 6. Thus, according to the SF-95, to the extent he has claimed a "sum certain," Lee has claimed nothing.

Further, looking to Addendum B, as Lee urges, does little to clarify his claim. Addendum B was attached in response to the request to "state the nature and extent of each injury . . . which forms the basis of the claim." ECF Nos. 21-2 & 26-3 at 6, 9. And the entirety of the addendum responds to that section of the SF-95. *See id*. But insofar as Addendum B addresses damages, the damages articulation is not specific to Lee. *See id.* at 9. It is instead little more than an oblique reference to G.L.'s "parents" having incurred over a million dollars in medical bills, and a statement that collectively "*plaintiffs* seek damages, including conscious pain and suffering, and past and future medical and healthcare related expenses in the amount of Twenty Million Dollars." *Id.* (emphasis added). Equally problematic is that this twenty-million-dollar claim includes damages for "conscious pain and suffering," which Lee has conceded he cannot pursue. *See id.*; ECF No. 26-1 at 2 ("Plaintiffs stipulate that the parents cannot recover

6

non-economic damages for themselves.").[2]  So a fair reading of Addendum B simply does not tell the Navy the particular damages that pertain to Lee.  *See* ECF Nos. 21-2 & 26-3 at 9.  This is especially so when Lee responded to the SF-95 "total damages" box with "0.00."  *See id.* at 6.

Lee next emphasizes that this "sum certain" requirement must be viewed with lenity, and that the failure to specify a "sum certain" in the SF-95 is not fatal so long as the agency can glean from the accompanying documentation the damages sought.  *See* ECF No. 26-1 at 7–8 (citing *Holloway v. United States*, 845 F.3d 487, 490 (1st Cir. 2017); *Molinar v. United States*, 515 F.2d 246, 249–50 (5th Cir. 1975)).  But even viewing the submission with the leniency that Lee urges, the Court still cannot conclude that Lee gave the agency sufficient particularized information so that the agency could ascertain his damages claim.  Per the SF-95, Lee claimed *zero damages. See* ECF Nos. 21-2 & 26-3 at 6.  And Addendum B is, at best, a broad claim applicable to the *plaintiffs,* not Lee.  *See id.* at 9.  Nor has Lee demonstrated how a CD of medical records from four separate hospitals alone would provide the Navy with a "sum certain" in damages that *Lee* seeks so that it may pursue its own investigation and settlement efforts as to him.  *See Ahmed*, 30 F.3d at 517 ("This emphasis on the sum-certain element gives effect to Congress' intent that a presentment 'would initiate a settlement procedure in which the agencies were to investigate claims.'" (quoting *GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C. Cir. 1987))).  Accordingly, Lee's failure to present a "sum certain" to the Navy in advance of suit deprives the Court of jurisdiction over his FTCA claim.  *See Kokotis*, 223 F.3d at 278.  His claims against the United States are, therefore, dismissed without prejudice.  *See Ali v. Hogan*, 26 F.4th 587, 600

---

[2] Because Lee and Kim stipulate that neither seeks non-economic damages, ECF No. 26-1 at 2, the Court grants the United States' motion to dismiss alleged pain and suffering damages as to them.  ECF No. 21-1 at 10–12.

(4th Cir. 2022) (citing *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013)).

### IV.  Conclusion

For the foregoing reasons, Defendant United States' motion to dismiss Lee's claim is granted. A separate Order follows.

| | |
|---|---|
| May 23, 2024 | /s/ |
| Date | Paula Xinis<br>United States District Judge |